(102 So. 727)

**MOSELEY v. STATE.** (3 Div. 484.)

(Court of Appeals of Alabama. Jan. 13, 1925.)

1. **Criminal law** ⚌941(1)—**Newly discovered corroborative evidence not ground for new trial.**

Newly discovered evidence, merely corroborating that of which accused had benefit on trial, is not ground for new trial.

2. **Criminal law** ⚌918(6)—**Failure of accused to employ counsel, relying on statement of prosecutor, not grounds for new trial.**

In prosecution for violation of Prohibition Law, which is not a felony so as to require that accused have counsel, under Code 1923, § 5567, where prosecutor told accused state had weak case, and accused could probably handle it himself, though if he wanted a lawyer that was up to him, failure thereon to employ counsel *held* not grounds for new trial.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bob Moseley was convicted of violating the Prohibition Law, and he appeals. Affirmed.

J. J. Robinson and C. E. O. Timmerman, both of Montgomery, for appellant.

Counsel argue for error in denial of defendant's motion for a new trial, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no duty upon the trial court to appoint counsel for defendant; it was for the defendant to determine whether he should employ counsel.

FOSTER, J. The appellant was convicted of violation of the Prohibition Law.

The defendant in the court below was not represented by counsel and no exceptions were reserved to the admission of evidence.

There was sufficient evidence, if believed by the jury beyond a reasonable doubt, to justify the verdict of guilty.

[1] The defendant filed a motion for a new trial on the ground of newly discovered evidence, and that he failed to employ a lawyer to represent him by reason of the statement of the solicitor for the state that he did not think the defendant needed a lawyer, and that the state did not have "much of a case" against him. The newly discovered evidence was merely corroborative of evidence which the defendant had the benefit of on the trial and he was not entitled to a new trial on this ground.

The defendant claimed that he did not employ counsel because the solicitor stated to him that he did not think he needed a lawyer, as the state did not have much of a case against him. The statement of the solicitor is as follows:

"I will state exactly what occurred. Yes, sir; I think some time on the day when case of the State v. Mr. Moseley was set for trial, in the early part of the day, the defendant and one or two more friends of his who were with him, approached me about the case. The defendant said he was not ready for trial because he didn't have a lawyer. Nothing was said about any witnesses that I recollect, whatever. One of the friends of the defendant spoke up and said, 'Mr. Seibels, I told him that I didn't think he needed a lawyer. What do you think about it?' and, in reply to that question, I stated to the friend of the defendant in the presence of the defendant that I agreed with him. I stated

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that I thought the defendant could handle his own case without any trouble; that I did not think that the state had much of a case against him, but if he wanted to employ a lawyer that was up to him; and that he would have plenty of time to employ a lawyer; that he could do as he saw fit about that. Some hour and a half or two hours and a half after that, without anything more being said, the defendant appeared in court and announced ready for trial. That is all the statement I care to make. This statement was somewhere out there—not in the big courtroom. It may have been back of the big courtroom. I am rather inclined to think it was right near Mr. Edwards' office. I do not know the names of the friends that were with him. I stated to defendant that I did not think I had much of a case against him. That is all."

The defendant knew that the solicitor was representing the state, whose interest was adverse to that of the defendant. It appears from the evidence on the motion that the defendant's first request of the solicitor was for a continuance of the case. When this was declined the matter of the advisability of employing counsel was discussed.

[2] In felony cases, punishable capitally, the court is required to appoint counsel to represent a defendant who is unable to employ counsel. Section 5567, Code 1923. But in noncapital felonies this is not required and the defendant must himself determine whether or not he desires counsel to represent him; he must use his own judgment in this regard. The solicitor told the defendant he would have time to employ counsel and that he could do so if he wished. It was defendant's right to be represented by counsel, but failing to employ counsel he cannot speculate on the verdict of the jury, and after verdict against him successfully contend for a new trial on that ground.

The record is free from error. The judgment of the circuit court is affirmed.

Affirmed.